## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TODD BIGELOW,                                    )
                                                 )
                    *Plaintiff*,                 )
v.                                               )
                                                 )
BRUCE POLIQUIN,                                  )         **DEMAND FOR JURY TRIAL**
BRUCE POLIQUIN FOR CONGRESS,                     )
LITTLEFIELD CONSULTING, LLC, and                 )
BRENT LITTLEFIELD,                               )
                                                 )
                    *Defendants*.

## COMPLAINT

Plaintiff, by and through his undersigned lawyer, pray to this honorable Court for relief as follows:

## I.  INTRODUCTION

1.      Bruce Poliquin, Poliquin's campaign for Congress and Poliquin's consultant committed willful copyright infringement by pirating a professional photographer's copyrighted photo and using it in various ways for political advertising and social media without authorization.

2.      Plaintiff's complaint arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et. seq. (the "Copyright Act").

3.      Plaintiff alleges that Defendants are jointly and severally liable for direct and willful copyright infringement of Plaintiff's photograph in violation of 17 U.S.C. §§ 106 and 501.

4.      Upon information and belief, Plaintiff also makes claims for copyright management information ("CMI") violations pursuant to 17 U.S.C. §§ 1202 and 1203 et. seq., for each instance Defendants used the Photo after deleting and/or altering Plaintiff's CMI, with

1

Defendants knowing that removal, alternation and/or addition of distributing the photo with false CMI would enable, conceal or facilitate copyright infringement.

## II. PARTIES

5.      Plaintiff Todd Bigelow is a resident of California.

6.      Defendant Bruce Poliquin ("Poliquin") is a Maine resident and congressional candidate for the U.S. House of Representatives for the Second District of Maine.  He can be served at 33 Pebble Creek, Orrington, Maine 04474.

7.      Defendant Bruce Poliquin for Congress ("Poliquin for Congress") is a political campaign committee with an address at P.O. Box 524 Bangor, Maine 04402 and is registered with the Federal Election Commission in Washington, DC for the purpose of electing Poliquin to Congress in 2022.

8.      Defendant Littlefield Consulting, LLC ("Littlefield Consulting") is and was at all relevant times an entity formed in Maryland, with its principal place of business 611 Pennsylvania Ave, SE Suite # 122 Washington, DC 20003.  Littlefield Consulting operates a commercial website for the purpose of advertising its services and soliciting new political clients at the domain address, www.littlefieldconsulting.com.

9.      Defendant Brent Littlefield ("Littlefield") is resident of Maryland.  Littlefield owns and operates Defendant Littlefield Consulting, LLC, located within the District of Columbia.

10.     Whenever it is alleged that Defendant(s) committed any act or omission, it is meant that the Defendants acted jointly through their officers, directors, vice-principals, candidates, agents, servants, directors, executives, management, or employees, subsidiaries, or affiliates committed such act or omission and that at the time such act or omission was

committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of the Defendants' officers, directors, candidates, vice-principals, executives, management, agents, servants, or employees.

## III. JURISDICTION AND VENUE

11.     This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (copyrights).

12.     Venue is proper in the District of Columbia pursuant to 28 U.S.C. §§ 1391 because all Defendants conduct business in this District and/or because a substantial part of the infringements or omissions giving rise to this claim occurred from within this District. Additionally, venue is also proper in this District pursuant to 28 U.S.C. § 1400(a) (venue for copyright cases) because Defendants Littlefield Consulting may be found in this District.

13.     This Court has *in personam* jurisdiction over Defendants because Defendants availed themselves of the privileges of conducting business in this District and the District of Columbia and Defendants incurred a benefit from the copyright infringements, thus it is reasonable for Defendants to submit to the jurisdiction of this federal district court.

## IV. FACTUAL ALLEGATIONS

### A.  The Importance of Copyright and the Copyright Holder's Bundle of Rights

14.     Copyrights are the legal title to intellectual property by which creators of original content such as photographs protect their moral and economic rights in those works.

15.     Respecting and defending the financial value of creators' copyrighted works is a bedrock of our democracy, so important that the Founding Fathers enshrined the U.S. Constitution with specific references to copyrights, and which expressly gave Congress the power to "promote the Progress of Science and useful Arts, by securing for limited Times to

Authors and Inventors the exclusive Right to their respective Writings and Discoveries." U.S. Const. Article I, Section 8. "Copyright law encourages people to create original works and thereby 'ultimately serves the purpose of enriching the general public through access to creative works.'" *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526 (1994).

16.     The Supreme Court of the United States found that by "establishing a marketable right to the use of one's expression, copyright supplies the economic incentive to create and disseminate ideas." *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 558 (1985).

17.     Section 106 of the Copyright Act (the "Act") grants copyright owners the exclusive public display right and control of the economic value of their work. The Act makes it illegal to publicly perform, publicly display, distribute, or reproduce a copyrighted work except in limited instances, and provides for damages if a work is infringed.

18.     In 1976, the Copyright Act was amended to give content creators such as Plaintiff an automatic copyright in his Photo.

19.     To file suit based on an alleged infringement, that automatic copyright interest must be registered with the U.S. Copyright Office, which Plaintiff did with the Photo prior the infringements and prior to the filing of this lawsuit, which affords him the right to pursue statutory damages, attorneys' fees and costs for bringing suit.

**B.  Background on Plaintiff and His Photo**

20.     Plaintiff Todd Bigelow is a renowned American photographer and industry leader on the business of photography.

21.     Plaintiff's experience as a freelance photographer for the past 30 years led him to create a much sought-after workshop and to author a guidebook for others to use to gain insight

into the freelance photography profession, *The Freelance Photographer's Guide To Success: Business Essentials* (Routledge, May 2021).

22.     Plaintiff has taken photos for some of the world's leading publications, corporations, and non-profit organizations including Sports Illustrated, Smithsonian, Time, ESPN, National Geographic Traveler, People, The NY Times Magazine, Costco and Target, among others. He contributed to two (2) team Pulitzer Prizes while at the Los Angeles Times for coverage of the Los Angeles Riots and the 1994 Northridge Earthquake. Portions of his long-term project documenting immigration have been exhibited worldwide with images residing in the permanent collection at the California Museum of Photography. His workshop, The Business of Photography Workshop, is offered by leading universities and professional photography organizations around the country. He was the recipient of the 2019 Clifton Edom Award by the National Press Photographer Association for his work inspiring and motivating others in the profession to reach new heights.

23.     Plaintiff also works as an adjunct professor at California State University, Northridge teaching photography and photojournalism courses. He was the 2017 recipient of the Excellence In Service To Students award issued by the university for his commitment to helping his photography students.

24.     Aside from his workshops, photojournalism assignments, publications, and teaching, Plaintiff also earns a living in part from the licensing of his copyrighted photos, which include commercial businesses such as Defendants Littlefield Consulting and political campaigns such as Poliquin for Congress. Typically, Plaintiff only uses a "rights-managed" licensing model rather than a "royalty-free" model and is able to negotiate terms and grant licenses under this

model that limit duration, scope, medium, and other restrictions that are not generally used in a royalty-free/buyout for usage of a photo.

25.     On or about August 14, 1994, Plaintiff captured the Photo at issue (the "Photo"). The Photo depicts undocumented migrants climbing the border fence along the U.S.- Mexico border in 1994, back into Mexico from the US. For reference, the Photo is attached as Exhibit A and is also shown here:



26.     The Photo has been available generally under a rights-managed licensing model throughout all relevant time periods and can still be found for licensing on Plaintiff's publicly available website.[1]

---

[1] https://toddbigelow.photoshelter.com/gallery-image/The-US-Mexico-Border-When-Undocumented-Immigration-Was-At-Its-Peak/G0000RgjbhGAYYFA/I00007HmgdttSyIA/C0000DQHQ65mG.iU.

27.     Plaintiff timely filed an application for copyright registration with the US Copyright Office with an effective registration date of April 21, 2015, bearing a validly issued US Copyright Registration of VA 1-964-979 for a published work.

**C. Defendants Poliquin and Littlefield Illegally Pirate Plaintiff's Photo**

28.     Plaintiff alleges that Defendant Littlefield Consulting, through Littlefield, obtained a copy of Plaintiff's Photo (***it's on the internet so it must be free!***), and upon information and belief removed, altered or otherwise deleted Plaintiff's name and other CMI from the Photo.

29.     A simple Google search of the Photo would direct any potential licensee, including Defendants, to Plaintiff's website, which is shown below. Anyone with an internet connection, such as Littlefield or Poliquin, could visit Google's image search page to perform minimal research as to who may own or have captured the Photo: https://images.google.com/



30.     After Littlefield found the Photo to use it in political advertising for Poliquin, a reasonable person in the business of creating advertising should of, at minimum uploaded a copy of the Photo (even a copy of screenshot) and used Google's image search which would show results, including Plaintiff's, name, Todd Bigelow, Plaintiff's web site and confirm that it appears Plaintiff either captured the Photo or owns the Photo.   For illustration, **click here** to see: the search results:



31.     Following Littlefield and/or Littlefield Consulting finding the Photo and saving a copy of the Photo, Littlefield Consulting, through Littlefield, then used the Photo in various ways without authorization, including, for example in Defendant Poliquin's campaign advertising

materials to show the Poliquin's position on "illegal immigrants" entering the United States over a wall, even though the Photo factually depicts people *exiting* the U.S into Mexico.[2]

32.     Defendant Littlefield Consulting also used the Photo in its video showcasing its political services (the "Video") which was published on its website.[3]

33.     Defendant Littlefield owns and operates www.littlefieldconsulting.com and is responsible for the content on his site. He is also individually liable for willful copyright infringement as an corporate shell will not shield him from intentional torts such as copyright infringement.  Despite advocating the principles of "free market" capitalism, Defendants likely believed that it was easier and cheaper to pirate the Photo than pay a licensing fee for multiple usages from a rights-managed license.

34.     Defendant Littlefield Consulting used the Video to advertise its services and solicit new clients for whom it would perform such services.

35.     Upon information and belief, Defendant Littlefield Consulting's use of the Video caused it to obtain new clients and generate revenue.

36.     Defendant Littlefield also used the Photo in campaign materials produced for Defendant Poliquin and Poliquin for Congress on multiple occasions.

---

[2] Some usages depict the Photo describing human beings as "illegal immigrants" obtaining driver's licenses in Maine.
[3] The Video was viewable on Defendant Littlefield's website and was left up until at least February 12, 2022 and can be found here for illustration following by clicking this link: www.LittlefieldConsulting.com/ourwork



37.     Defendant Littlefield Consulting also distributed a copy of the Photo (upon information and belief, removing or altering Plaintiff's CMI) to Defendant Poliquin and Poliquin for Congress.

38.     Upon information and belief, Defendant Poliquin and Poliquin for Congress never confirmed what rights Littlefield or Littlefield Consulting had for the Photo and recklessly used the Photo for campaign material.

39.     Plaintiff further alleges that Defendant Poliquin and his campaign then used the Photo (which depicts people crossing the border from California back into Mexico) in its campaign media including on postcards mailed to Maine voters, on its social media account in a post describing "illegals" being apprehended at the US border, which is inconsistently  and factually as to what is occurring in the Photo.



40.     Only Defendants know the full universe of usages and the time range of

unauthorized usages within the last three (3) years and before.

41.     Sometime in late 2021, Plaintiff discovered Defendants' illegal uses of the Photo.

Because Defendants used the copyrighted Photo without having received a license or permission

from Plaintiff or having a valid legal excuse such as fair use,[4] Plaintiff sent each of the

Defendants a cease-and-desist notice via certified mail (the "Notice")[5] on January 7, 2022 and

via email.

42.     In the Notice, Plaintiff demanded that Defendants preserve all relevant evidence

of the infringement(s); an accounting of all uses of Plaintiff's Photo; and that Defendants remove

---

[4] In *Bigelow v. Tom Garrett, et. al.*, Case No. 6:18-cv-00039 (WDVA), the Court denied a
motion to dismiss of on usage of the very same Photo and held that the was not "fair use" at the
12(b)(6) stage.
[5] Poliquin for Congress only received the letter via US mail and acknowledged receipt in April
2022.

or disable each infringing use of the Photo from their websites, any third-party websites they had caused to display the Photo, any campaign media, and any other uses they may have made of the Photo.

43.     Defendants Poliquin and Poliquin for Congress continued to use Plaintiff's Photo until at least February 1, 2022, when the Photo was still being displayed on Defendant Poliquin's social media account, despite having received Plaintiff's takedown Notice.

44.     It's unclear exactly when Defendant Littlefield Consulting ceased its display of the Video, but the Video was still displayed as of February 12, 2022, despite Plaintiff's Notice of January 7, 2022.



45.     Defendant Littlefield Consulting and Defendant Poliquin share responsibility and are jointly and severally liability for the content of Defendant Poliquin's campaign media used for Defendant Poliquin for Congress.

46.     Defendants, for the reasons stated above, have, without a license, permission, or legal excuse, copied, distributed, and displayed Plaintiff's Photo in violation of the Copyright Act.

47.     Because Defendant Littlefield operates a business that creates and publishes media for his political clients, he was aware (or at minimum should know) of Plaintiff's rights as a copyright holder and his business's responsibilities under the Copyright Act when he and his business used Plaintiff's Photo without a license.

48.     Notably, Littlefield displays a copyright notice on his own website which demonstrates that he is aware of copyright law.

49.     Defendant Littlefield and Littlefield Consulting knew or should have known that their uses of the Photo constituted a violation of Plaintiff's intellectual property rights, and the infringing uses were willful and reckless.

50.     Upon information and belief, Defendant Littlefield and Littlefield Consulting committed numerous Copyright Management Information (CMI) violations related to the uses of the Photo because Plaintiff's name and other information associated with the digital file was removed from and/or left off the uses for the purpose of preventing Plaintiff from discovering the uses and disguising the fact that the uses were in violation of the law.

51.     Any use of the Photo with the removed or altered CMI, including uses by Defendants Poliquin and Poliquin for Congress, make Defendant Littlefield and Littlefield Consulting liable for those uses.

52.     After sending the takedown Notice, Plaintiff attempted but was unable to resolve his claims with Defendants.  Notably, the Poliquin campaign refused to take any responsibility for its illegal acts, resulting in the filing of this lawsuit.

## V. ALLEGATIONS

### COUNT 1: INFRINGEMENT OF COPYRIGHTS (17 U.S.C. §§ 106, 501)

### (AGAINST ALL DEFENDANTS)

53.     Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

54.     The Photo (identified in Exhibit "A"), used by Defendants as shown above, is an original, creative work which Plaintiff has validly registered with the U.S. Copyright Office. See Exhibit "B" bearing registration number VA 1-964-979 with an effective date of April 15, 2015.

55.     Plaintiff is the author of the Photo and at all relevant times has been its sole copyright owner and exclusive rights-holder under United States copyright law.

56.     Among the exclusive rights granted to the Plaintiff under the Copyright Act are the exclusive rights to reproduce, create derivative works from, display, copy, and distribute to the public his copyrighted photograph under 17 U.S.C. § 106(1), (2), (3), (4), and (5), respectively.

57.     Defendant Littlefield Consulting, through Littlefield, without the permission, license, or consent of Plaintiff, created a derivative work from Plaintiff's copyrighted Photo by using it in a video for use within a Littlefield Consulting and published it to its public-facing website, www.littlefieldconsulting.com and possibly elsewhere.

58.     Defendant Littlefield Consulting, through Littlefield, without permission, license, or consent of Plaintiff, also copied the Photo for Defendant Poliquin's election media it created,

which was distributed and displayed to the public in print, online, and broadcast/cable television advertisements for Defendant Poliquin by both Defendant Littlefield and Defendant Poliquin.

59.     Upon information and belief, Defendant Littlefield, without permission, license, or consent of Plaintiff, also distributed a copy of the Photo to Defendant Poliquin separate and apart from the election media in which it was used.

60.     Defendant Poliquin, through his campaign, Poliquin for Congress, without permission, license, or consent of Plaintiff, distributed and displayed to the public the election media created by Defendant Littlefield Consulting containing Plaintiff's Photo in print, online, and broadcast/cable television advertisements for Defendant Poliquin's campaign, Poliquin for Congress.

61.     Upon information and belief, Defendant Poliquin, without permission, license, or consent of Plaintiff, also incorporated a copy of the Photo into his election media that it created without Defendant Littlefield Consulting's assistance, which it then distributed and displayed to the public in print, online, and broadcast/cable television advertisements for Defendant Poliquin.

62.     Defendant Poliquin, for his campaign Poliquin for Congress, without permission, license, or consent of Plaintiff, also used the Photo in social media posts leading during this election cycle.

63.     Defendants have all violated Plaintiff's exclusive rights of reproduction, the creation of derivative works, display, copying, and distribution in his Photo.

64.     No Defendant sought permission or secured a license for the right to use Plaintiff's copyrighted Photo in any way despite Plaintiff operating a publicly available website for the specific purpose of inviting offers from potential licensors as is described and shown above.

65.     Plaintiff is informed and believes that the foregoing acts of infringement have been willful and intentional and in total disregard of and with indifference to the rights to Plaintiff's copyrights and exclusive rights under copyright.

66.     As a result of Defendants' infringements of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to an award of actual damages pursuant to 17 U.S.C. § 504(b), or, alternatively, statutory damages pursuant to 17 U.S.C. § 504(c) for up to $150,000 because the Photo was registered prior to the alleged infringements occurring.

67.     Plaintiff has licensed the Photo as an example, for more than $1,900 (politics/religion/commercial use) under a rights-managed license for one month of usage. Using this comparison for an illustration on damages, Defendants likely used the Photo for as many as three (3) years, which represents, over $68,000 based on a $1,900/ 30 day license, and that damages amount is prior to a jury or the Court applying a statutory damages multiplier used in this Circuit and other federal circuit courts.

68.     Due to the willful or reckless nature of the infringing acts described herein, Plaintiff is further entitled to attorney's fees and costs pursuant to 17 U.S.C. § 505.

69.     In the event the Photo is still published or associated with Defendants, the conduct of Defendant(s) is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law.

70.     Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant(s) from further infringing Plaintiff's copyright in the future, and ordering Defendant(s) to destroy all copies of images, or any printed media containing any such image,

made or used in violation of Plaintiff's exclusive rights and to remove images from any website or social media account that Defendant(s) controls or owns.

71.     Defendants' conduct caused actual damages and/or are liable, jointly and severally, for statutory damages of up to $30,000.00 for each infringement or alternatively up to $150,000.00 for each willful infringement pursuant to 17 U.S.C. § 504.

**SECOND CAUSE OF ACTION**

**(REMOVAL AND/OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION (17 U.S.C. §§ 1202 and 1203 et. seq.)**

**(AGAINST DEFENDANT LITTLEFIELD CONSULTING AND LITTLEFIELD)**

72.     Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

73.     The authentic version of Plaintiff's copyrighted Photo used by Defendants in the manner described above contained copyright management information protected under 17 U.S.C. § 1202, such as metadata (file name of the Photo) and/or text referencing Plaintiff's name, the title of the Photo, and the copyright symbol.

74.     Upon information and belief, Defendant Littlefield Consulting, through Littlefield, without Plaintiff's permission or a valid legal excuse, intentionally deleted, altered and/or removed Plaintiff's copyright management information from the Photo, then copied and distributed it for use by Poliquin Defendants knowing or having reasonable grounds to know that doing so would enable, facilitate, and/or conceal its infringing use of the Photo, a violation of 17 U.S.C. § 1202(b).  Alternations also include changing and altering the Photo's metadata such as the name of the file of the Photo which appears to have been *retitled* to

"2020/12/IllegalAliensLicenses.jpg" and shows circumstantial evidence that retitling of the file name was false and/or altered CMI that was added to the Photo.



75.     Upon information and belief, Defendants copied Plaintiff's Photo with the altered CMI to use in Defendant Poliquin's election campaign media and for Littlefield to showcase his work, and then distributed that media to Defendant Poliquin's constituency through the United States Mail as well as using in the video and website usages starting in December 2020.

76.     Upon information and belief, Defendants copied Plaintiff's Photo with the altered CMI into Defendant Poliquin's online election campaign media and then distributed that media to Defendant Poliquin's constituency, and the public in general, through Defendant Poliquin for Congress' website, social media account(s), and online advertisements targeting Poliquin's constituents.

77.     Upon information and belief, Defendant Littlefield also distributed copies the Photo on his website with the false CMI, knowingly and with the intent to induce, enable, facilitate, or conceal infringement by providing copyright management information that is false, and/or distributing copyright management information that is false violating 17 USC § 1202(a).

78.     Upon information and belief, Defendant Littlefield removed or altered Copyright Management Information without the authority of the Plaintiff as the copyright owner and intentionally removed or altered copyright management information from the Photo, and/or distributed copyright management information knowing that the copyright management information had been removed or altered without authority of the copyright owner Plaintiff.

79.     Upon information and belief, Defendants distributed, imported for distribution, or publicly perform copies of works knowing that copyright management information had been removed or altered without authority of the copyright owner, or Defendant Littlefield knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement in violation of 17 USC § 1202(b).

80.     Upon information and belief, Defendants copied Plaintiff's Photo into Defendant Poliquin's broadcast election campaign media and then distributed that media to Defendant Poliquin's constituency via advertisements placed on regional television and cable television stations.

81.     In its social media, and likely all other digital, uses of the Photo, Defendants Poliquin and Poliquin for Congress used a copy of the Photo with the altered or deleted CMI.

82.     Presently, it is unclear exactly how many CMI violations occurred, what other CMI was altered, though, more likely than not, there would be one for each and every unique display and/or instance of distribution of the Photo.

83.     As a result of Defendant Littlefield's wrongful conduct alleged herein, pursuant to 17 U.S.C. § 1203(c)(2), Plaintiff is entitled to recover from Defendant Littlefield the damages he sustained, and will sustain, along with any profits and advantages obtained by Defendant Littlefield due to its violation of 17 U.S.C. § 1202, including attorney's fees and costs.

84.     Alternatively, Plaintiff may elect to recover from Defendant Littlefield Consulting and Littlefield statutory damages pursuant to 17 U.S.C. § 1203(c)(3) for each violation of 17 U.S.C. § 1202 of a minimum of $2,500 per violation and maximum of $25,000 per violation. S*ee also Sheldon v. Plot Commerce*, No. 15CV5885CBACLP, 2016 WL 5107072, (E.D.N.Y. Aug. 26, 2016), report and recommendation adopted, No. 15CV5885CBACLP, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016) that defines each removal/deletion of CMI as a separate violation.

85.     Under § 1202(a) and § 1202(b), Defendants are jointly and/or severally liable.

## VI. JURY TRIAL DEMANDED

86.     Pursuant to Fed. R. Civ. P. 38(b), Plaintiff respectfully demands a trial by jury of all the claims asserted in this Complaint so triable.

## VII. RELIEF REQUESTED

87.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on his behalf adjudging and decreeing that:

A.     For an injunction providing: "Defendants shall be and hereby is enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in copyrighted photos, whether now in existence or later created, that are owned or controlled by Plaintiff ("Plaintiff's Photos"), including without limitation by using social media, print, broadcast, or any online media distribution system to reproduce (i.e. download) any of Plaintiff's photos, to distribute (i.e. cause to be displayed) any of Plaintiff's copyrighted photos, or to make any of Plaintiff's photos available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendants also shall destroy all physical (i.e., printed) copies of any of Plaintiff's photos in Defendants'

possession, as well as any of Plaintiff's photos that Defendants have downloaded onto any computer hard drive or server."

B.   For Plaintiff to be awarded either: (i) Plaintiff's actual damages and Defendants' profits, gains, or advantages of any kind attributable to Defendants' infringement of Plaintiff's copyrighted Photo; or (ii) alternatively, statutory damages of up to $30,000.00 per infringement or up to $150,000.00 for each instance of willful infringement of Plaintiff's copyrighted Photo pursuant to 17 U.S.C. § 504, with Defendants jointly and severally liable.

C.   For Plaintiff to be awarded either: (i) the actual damages Plaintiff has sustained and any profit obtained by Defendants for violations of 17 U.S.C. § 1202(a) and 1202(b) under 17 U.S.C. § 1203(c)(2), including attorney's fees and costs; or (ii) a minimum of $2,500 per violation and maximum of $25,000 per violation of 17 U.S.C. § 1202 under 17 U.S.C. § 1203(c)(3).

D.   For Defendants to be required to account for all profits, campaign donations, income, revenue, receipts, or other benefits derived by Defendants as a result of their unlawful conduct.

E.   For Plaintiff's costs and expenses in this action, including all reasonable attorneys' fees incurred herein, pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. § 1201 et. seq.

F.   For Plaintiff to be awarded pre-judgment interest from the time of the infringements.

G.   For such other and further relief as the Court may deem just and proper.

Dated: April 20, 2022

Respectfully submitted,

By: /s/ James H. Bartolomei
James Bartolomei Esq.
Duncan Firm, P.A.
Of Counsel
809 W. 3rd Street
Little Rock, Arkansas 72201
501-228-7600 phone
501-228-0415 fax
james@duncanfirm.com
District Bar Number AR0007

*Attorneys for Plaintiff Todd Bigelow*